**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BARBARA BLEJEWSKI, | Civil Action No. 3:21-cv-01258-SVN |
| Plaintiff, | |
| v. | |
| ALL THINGS BBQ, INC., | |
| Defendant. | |

**PLAINTIFF'S FURTHER SUPPLEMENTAL BRIEF**

Plaintiff Barbara Blejewski ("Plaintiff") respectfully submits this Further Supplemental Brief addressing the discrete issues raised during oral argument concerning consent to jurisdiction, and personal jurisdiction pursuant to Connecticut's long-arm statute.

I. **ARGUMENT**

A. **Plaintiff Concedes All-Things BBQ Did Not Consent to General Jurisdiction by Registering to Conduct Business in Connecticut**

In opposition and again at hearing, Plaintiff argued that Defendant All Things BBQ, Inc. ("Defendant") had consented to general jurisdiction by registering to conduct business in the state of Connecticut. Consent is a basis for jurisdiction that exists independently of long-arm statutes. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016) ("*Lockheed Martin*")

In *Lockheed Martin*, the Second Circuit rejected the Connecticut Appellate Court's determination that registering to do business in the state meant submitting to the general jurisdiction of the state courts. *Lockheed Martin*, 814 F.3d at 634-45, *citing Talenti v. Morgan & Brother Manhattan Storage Co.*, 113 Conn.App. 845, 940-41 (2009) ("This consent is effective even though no basis exists for the exercise of jurisdiction over the corporation.") While it observed that registration to do business in other states, including New York, Pennsylvania, and Minnesota, pursuant to those states' registration statutes constituted consent to general jurisdiction, the Second Circuit "construe[d] Connecticut's registration statute and appointment of agent provisions not to require registrant corporations that have appointed agents for service of process to submit to the general jurisdiction of Connecticut courts." *Id.* at 640-41. The state court has general jurisdiction over an Americans with Disabilities Act ("ADA") defendant

registered to do business in the state, but once suit is removed to, or as here filed in the District Court, general jurisdiction by consent fails and Plaintiff concedes that point.

**B. Specific Personal Jurisdiction Exists Over Defendant**

Specific personal jurisdiction over commercial website operators exists "where individuals can directly interact with a company over their Internet site, download, transmit or exchange information, and enter into contracts with the company via computer." *On-Line Techs. v. Perkin Elmer Corp.,* 141 F. Supp. 2d 246, 265 (D. Conn. 2001); *see also, The Cousteau Soc'y, Inc. v. Cousteau*, 498 F. Supp. 3d 287, 304 (D. Conn. 2020) (Specific personal jurisdiction over website operator appropriate pursuant to Connecticut's parallel long-arm statute governing foreign non-profit corporations).

Connecticut residents such as Plaintiff enter into contracts with Defendant over its website, Defendant can and does distribute its goods to Connecticut residents, and the tortious conduct[1], and Plaintiff's claim accrued in Connecticut when Plaintiff experienced unlawful discrimination due to Defendant's failure to comply with the legal duties imposed upon it by the ADA. *See,* Conn. General Stat. § 33-929(f)(1)-(4). There is no dispute that Defendant's website allows Connecticut residents to interact with the company, view and research its products, enter into contracts to purchase those products that Defendant then distributes to those Connecticut residents' homes. Accordingly, specific personal jurisdiction exists over the Defendant.

---

[1] Tortious conduct requires a violation of a legal duty owed to Plaintiff, here the effective communications requirements of the ADA, and harm to the Plaintiff in the form of unlawful discrimination violating her legal rights. *See, Black's Law Dictionary*, 1660 (4th ed. 1968). The claim accrues when the injury is compete – i.e. when Plaintiff experienced discrimination. *Price v. City of New York*, 558 F.Appx. 119, 121 (2d Cir. 2014). Prior to personally experiencing discrimination and being injured in a concrete manner, Plaintiff could not have brought this ADA claim.

## II. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests this Court enter an Order denying Defendant's Motion to Dismiss in its entirety, or alternately allowing Plaintiff to amend her complaint.

Dated: May 20, 2022,                                Respectfully Submitted,

**BLOCK & LEVITON LLP**

*/s/ Jason M. Leviton*
Jason M. Leviton, Esq.
jason@blockleviton.com
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600

Benjamin J. Sweet (*Pro Hac Vice Forthcoming*)
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Phone: (412) 857-5350

Jordan T. Porter (*Admitted Pro Hac Vice*)
jordan@nshmlaw.com
Jonathan D. Miller (*Pro Hac Vice Forthcoming*)
jonathan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 W. Mission Street, Suite 201
Santa Barbara, California 93101
Phone: (805) 963-2345

*Attorneys for Plaintiff Barbara Blejewski*